United States District Court
Southern District of Texas
**ENTERED**
October 02, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARACELI MORALES, § | | |
|    Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 19-cv-096 |
| § | | |
| SHERIFF OMAR LUCIO, § | | |
|    Respondent. § | | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Petitioner Araceli Morales' "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (hereinafter, Morales' "Petition" or "§ 2254 Petition"). Dkt. No. 1. For the reasons stated below, it is recommended that the Court **DISMISS** Morales' Petition as **MOOT**[1] and direct the Clerk of Court to close this case.

### I.  Jurisdiction

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provides that jurisdiction is proper where the petitioner is confined or where her state conviction was obtained. *See* 28 U.S.C. §§ 2241, 2254; *see also Wadsworth v. Johnson*, 235 F.3d 959, 961−62 (5th Cir. 2000).

---

[1] Should the Court adopt this Report and Recommendation, it would also render as moot Respondent Omar Lucio's pending "Motion to Dismiss as Moot." *See* Dkt. No. 13.

Morales was convicted and detained in Cameron County, Texas. Dkt. No. 11. Jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(5).

## II. Background and Procedural History

On June 10, 2019, Morales filed her § 2254 Petition in this Court. *See* Dkt. No. 1. In her Petition, Morales lists the following three grounds for relief: (1) "Violation under the United States Constitution of the 5th and 14th Amendments and State of Texas Constitution because Araceli Morals is being denied Her Rights to Have a Prompt Revocation of Probation Hearing"; (2) "Violation of the United States Constitution under the 5th and 14th Amendments and the State of Texas Constitution because Araceli Morales was Denied the Right to Have a Copy of her Violation of Probation Revocation Report, and" she "was Denied the Rights to be taken before the Courts to be heard on Her Violation of Probation warrant which was filed on January 23, 2019"; and (3) Violation under the United States Constitution under the 5th, 8th and 14th Amendments and the State of Texas Constitution because Araceli Morales is being Denied the Right to Bail on the Violation of Probation Warrant." Dkt. No. 1 at 5−9 (errors in original).

Morales concedes that she has not exhausted her state remedies for any ground of relief she raised, but contends that she is not required to exhaust state remedies because her "immigration legal advocate had contacted the courts and the probation officer and they still didn't act upon [her] requests." *Id.* at 5, 7. She adds that there are not "Legal Library Assistant[s] . . . at the prison to help inmates," and that there

are no "available motions for non-sentence inmates in the jail." *Id.* at 5, 7, 10.

On July 19, 2019, the Court issued an order directing Lucio to respond to Morales' Petition. Dkt. No. 2. However, it later came to the Court's attention that a copy of the Order was not sent to Lucio and ordered the Clerk of Court to resend the Order on August 23, 2019. Dkt. No. 5. Lucio filed an "Original Answer" (Lucio's "Answer") on September 20, 2019. Dkt. No. 11. In Lucio's Answer, he avers that Araceli Morales is no longer in custody of the Cameron County Sheriff's Office. *See* Dkt. Nos. 11, 10. Moreover, Morales has not contacted the Court about her release, change of address, or interest in pursuing her instant case.

### III. Legal Standards

The applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern petitions brought under 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320, 335−336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). Pursuant to the AEDPA, federal courts cannot grant habeas relief "unless it appears that the applicant has exhausted the remedies available in the Courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Federal courts have limited jurisdiction and may not review a petition for writ of habeas corpus filed by a state prisoner unless the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Under Article III, § 2 of the United States Constitution, federal courts are

barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). A case becomes moot when it no longer satisfies the case or controversy requirement. *Id.* This case or controversy requirement demands that the parties continue to have a personal stake in the outcome of a federal lawsuit through all stages of the judicial proceeding. *Id.* "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (internal citation omitted). If an event occurs, while the case is pending that makes it impossible for a court to grant any effectual relief to the prevailing party, then the matter has become moot and must be dismissed. *See Church of Scientology of California v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992); *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669, 193 L. Ed. 2d 571 (2016) ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot."). In this regard, "mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business or pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Spencer*, 523 U.S. at 18.

## IV.  Discussion

During the pendency of the instant Petition, Morales was released from prison. *See* Dkt. Nos. 11, 12.  Morales has no other claims besides challenging her confinement and seeking immediate release.  *See* Dkt. No. 1 at 16.  As Morales is no longer in custody, her claims have been rendered moot.  *See Spencer v. Kemna*, 523 U.S. at 7; *Bailey v. Southerland*, 821 F.2d 277, 278–79 (5th Cir. 1987).  Although the Court has become aware that Morales has been released from custody, Morales has not contacted the Court, updated her address, or otherwise inquired into the status of her case.  *See* Dkt. No. 11.  Morales has failed her duty as a pro se litigant to contact the Court with her updated mailing address and complying with the Local Rules for the Southern District of Texas.  *See also* S.D. Tex. Local Rule 83.4 ("Notices will be sent only to the address on file. A lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address.").  Morales' instant Petition, therefore, should be **DISMISSED AS MOOT**.

## V.  Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475, 120 S. Ct. 1595, 146 L. Ed. 2d 542

(2000) (internal quotations and citations omitted). Where claims have been dismissed on the merits, then, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Morales has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

For the foregoing reasons, it is recommended that the Court **DISMISS AS MOOT** Morales' Petition, decline to issue a certificate of appealability, and direct the Clerk of Court to close this case.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings

and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

SIGNED on this 2nd day of October, 2019, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**